```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

RENATA GRZAN WIECZOREK           *

            Plaintiff            *

       vs.                       *   CIVIL ACTION NO. MJG-15-02599

NATIONAL CATHOLIC                *
   PRAYER BREAKFAST
                                 *
            Defendant
                                 *
*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: REMAND

The Court has before it Plaintiff Renata Grzan Weiczorek's Motion to Remand [ECF No. 15][1] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.   BACKGROUND

As discussed more fully herein, the Defendant, National Catholic Prayer Breakfast ("NCPB"), entered into a contract ("the Contract") with Plaintiff, Renata Grzan Weiczorek ("Weiczorek"), to photograph a breakfast hosted by NCPB. Pl.'s Mot. to Remand 2, ECF No. 15.  Weiczorek was paid $450 for taking photographs and other services.  In addition, Weiczorek

---

[1]   Defendant National Catholic Prayer Breakfast's Motion to Dismiss and for Summary Judgment [ECF No. 16] is addressed in a separate Memorandum and Order.

provided NCPB access to an online gallery on which it could purchase the right to copy selected photographs for publication subject to attribution to Weiczorek.  The Contract included a provision that provided for liquidated damages of 15 times the published rate for "any copyright violations."  Compl. 8, ECF No. 2.

NCPB hired a website development team to work on its website.  This team copied three photographs and posted them on the NCPB website without attribution to Weiczorek.  Weiczorek filed the instant lawsuit in the District Court of Maryland for Anne Arundel County, Maryland, seeking damages of 15 times $150 for each photograph, a total of $6,750.00, with costs, interest, and attorney's fees. Compl. 6, ECF No. 2.

NCPB filed a Notice of Removal to this Court on September 2, 2015, citing jurisdiction pursuant to 28 U.S.C. § 1338 and 1441(a). Def.'s Notice of Removal 2, ECF No. 1. Characterizing Weiczorek's claim as "a breach of contract action against NCPB based on NCPB's alleged infringement of three of [Weiczorek]'s images that have Federal copyright protection," NCPB sought removal on copyright preemption grounds. Id. In response, Weiczorek filed a Motion to Remand on September 17, 2015, claiming that this action cannot be preempted by federal copyright law because the Contract established a "private law"

2

between the parties, adding an additional element to the claim beyond the elements of copyright infringement. Mot. to Remand, ECF No. 15.

By the instant motion, Weiczorek seeks remand of the case to state court.

II. PROCEDURAL SETTING

Where a federal court has original jurisdiction over at least one of the asserted claims, a defendant may remove a civil action from state court. 28 U.S.C. § 1441(a). The party seeking removal bears the burden to establish federal jurisdiction, and in this context, jurisdiction is strictly construed. Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc., 807 F. Supp. 2d 375, 378 (D. Md. 2011) (citing Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994)). Remand to state court is "required '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Richardson v. Phillip Morris Inc., 950 F. Supp. 700, 701 (D. Md. 1997) (citing 28 U.S.C. § 1447(c)).

When jurisdiction is questioned, remand to state court is favored: "[i]n reviewing a motion to remand, because the federal courts are reluctant to interfere with matters properly before a state court, '[c]ourts strictly construe the removal statute and

resolve all doubts in favor of remanding the case to state court.'" Id. at 701-702 (citing Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 507 (E.D. Va. 1992)). See Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.")

Remand is not warranted where the court has original jurisdiction. Federal courts have original jurisdiction over two types of actions: those that raise a federal question and those that are based on diversity jurisdiction. Diversity jurisdiction requires that the controversy be between parties that are citizens of different states and the matter in controversy must exceed $75,000. 28 U.S.C. §§ 1331, 1332(a). An issue arising from the Constitution, treaties, or laws of the United States constitutes a federal question. Id.

Although remand to state court is favored, and the federal remand statute must be strictly construed, district courts must be "cautious in denying defendants access to a federal forum because remand orders are generally unreviewable." Semtek Int'l, Inc. v. Lockheed Martin Corp., 988 F. Supp. 913, 914-15 (D. Md. 1997). Without access to appeal, "[f]ederal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must 'do more than simply point jurisdictional traffic in the direction of state courts.'" Stephens, 807 F. Supp. 2d at

379 (citing <u>17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.</u>, 373 F. Supp. 2d 584, 592 (E.D.Va. 2005)).

III. <u>DISCUSSION</u>

In April 2014, the Defendant, NCPB, contracted with Weiczorek to photograph a breakfast hosted by NCPB. Pl.'s Mot. to Remand 2, ECF No. 15. Pursuant to the terms of the Contract, NCPB paid Weiczorek $450 to photograph the event. Mot. to Remand 1, ECF No. 15. The fee covered the three hours Weiczorek photographed the event, color correction for the photographs taken, and a non-expiring link to an online gallery from which NCPB could pay to license individual photographs. Compl. 7, ECF No. 2.  The Contract provided for liquidated damages for "any copyright violations" and also required attribution to Weiczorek of any photograph presented on public media.  <u>Id.</u> at 8.

In or about April 2015, a website development team working for NCPB screen-captured three photographs from the online gallery, removed the watermarks, and posted them to NCPB's website without attribution to Weiczorek. Mot. to Dismiss 1, ECF No. 16, Compl. 4-5, ECF No. 2.  Upon discovery of the violation, Weiczorek sent a letter to NCPB requesting $6,750.00 in damages (15 times $150 per photograph) and alleging that NCPB's use of the images "constitute[d] copyright infringement,

5

misrepresentation, and unfair trade practices under United States and international intellectual property laws." Compl. 11, ECF No. 2.

In the instant law suit, Weiczorek seeks damages pursuant to paragraph 5 of the Contract that states:

> COPYRIGHT DETAILS. The Studio owns the copyright to all images it makes during your event. Any individual prints, files or DVD's purchased from this event are licensed for limited use allowing Client to make limited reproductions of the images files for Client's business and promotional purposes, both in web and print, including but not limited to, press releases, brochures, web display, blogs, Facebook. Images or image files are not for resale or third party distribution. <u>If there are any copyright violations by Client, they will be charged at fifteen (15) times the published rates at the time of the violation as liquidated damages</u>, since actual damages would be difficult to calculate. The Client acknowledges that unauthorized duplication, transmission, or dissemination of prints, image files or DVD is unlawful and subject to statutory prosecution.

Compl. 8, ECF No. 2 (emphasis added).

She also seeks damages pursuant to paragraph 6 of the Contract that states:

> PHOTO CREDITS. If an image(s) taken by the Photographer from the event are displayed on public media by the Client, the following photo credit line should appear near the image(s) in readable print: Renata Grzan/RenataPhotography.com.

Compl. 8, ECF No. 2.

6

The Federal Copyright Act preempts all equivalent causes of action:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). The Act provides limited exceptions to this preemption, including "subject matter that does not come within the subject matter of copyright" and "activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright." Id. §§ 301(b)(1) and (3).[2]

---

[2] Some circuits have adopted a rigid application of the test in regards to contract breach cases, and found that contractual claims are never preempted. Kabehie v. Zoland, 102 Cal. App. 4th 513, 525 (2002). However, this is a minority view, and the majority of courts have not found that a promise to perform creates a blanket protection against preemption. Rather, the majority of courts use a fact-specific analysis to determine whether or not a contract contains the extra element necessary to survive preemption. As established in Acorn Structures, Inc. v. Swantz, 846 F.2d 923 (4th Cir. 1988), the Fourth Circuit has taken the majority approach and has applied fact-specific analysis to the extra element test. However, it is not necessary

To determine whether a breach of contract claim is preempted by federal copyright law, a two-step test extricated from these exceptions must be applied. Nichols Agency, Inc. v. Enchanted Child Care, Inc., 537 F. Supp. 2d 774, 782 (D. Md. 2008) (citing United States ex. Rel. Berge v. Bd. of Trs. Univ. Alabama, 104 F.3d 1453, 1463 (4th Cir. 1997)). A court must consider first, whether the contested materials fall within the scope of the Copyright Act, 17 U.S.C. §§ 102 and 103, and second, whether "'the rights granted under state law' are 'equivalent to any exclusive rights within the scope of federal copyright set out in 17 U.S.C § 106.'" Nichols, 537 F. Supp. 2d at 782 (quoting Berge, 104 F.3d at 1463).

There is no doubt that the photographs fall within the scope of the Copyright Act.[3] Weiczorek's photographs are "original works of authorship," as she was the original photographer taking the contested photos, and the photographs fall within the enunciated category of "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a)(5).

---

to apply the Swantz approach to the credit provision, as the basis of the asserted claim does not rely on that provision.

[3]  NCPB contends that the current cause of action is copyright infringement, conceding that the photographs are works of authorship within the definition of 17 U.S.C. § 102. Weiczorek acknowledges the same in the Contract wherein she notes that the Studio has ownership of all image copyrights. Pl.'s Compl. 8, ECF No. 2.

To avoid preemption by the Copyright Act, a cause of action asserted must include an extra element beyond the scope of the Act. The extra element may function either as an addition, or as a substitution: "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, . . . there is no preemption." Rosciszewski v. Arete Associates, Inc., 1 F.3d 225, 229-230 (4th Cir. 1993) (citation omitted).  However, the extra element must "change[] the nature of the action so that it is qualitatively different from a copyright infringement claim." Id. at 230 (citation omitted).

To determine whether or not an extra element meets this preemption test, the Court "compare[s] the elements of a claim for copyright infringement with the purportedly preempted cause of action." Microstrategy, Inc. v. Netsolve, Inc., 368 F. Supp. 2d 533, 536 (E.D. Va. 2005) (citing Trandes Corp. v. Guy F. Atkinson Co., 996 F.2d 655, 659 (4th Cir. 1993)).


A.   The Paragraph 5 Claim

Weiczorek's claim based on paragraph 5 contains proof of no extra element beyond a copyright violation.  Indeed, the

9

Contract itself expressly states that the liquidated damages Weiczorek seeks are provided for any copyright violation:[4]

> <u>If there are any copyright violations by Client</u>, they will be charged at fifteen (15) times the published rates at the time of the violation as liquidated damages, since actual damages would be difficult to calculate.

Contract ¶ 5, ECF No.2 at 8 (emphasis added).

The Court finds disturbing the fact that in the Complaint [ECF No. 2] at ¶11 as well as in the briefing on the instant motion, Weiczorek provided purported quotations from the Contract that state "if there are any violations," omitting the word "copyright."

The bottom line is that Weiczorek's claim pursuant to paragraph 5 of the Contract is based upon contract rights that are not only equivalent to, but identical to, those provided by federal copyright law.  Hence the claim is preempted and the Court has jurisdiction over the claim.

    B.   <u>The Paragraph 6 Claim</u>

The Court will construe the Complaint to include a claim for the violation of ¶ 6 of the Contract,[5] requiring that for

---

[4] Copyright rights include "the exclusive right to (1) reproduce the work, (2) prepare derivative works based on the work, [and] (3) distribute copies of the work." <u>Nichols</u>, 537 F. Supp. 2d at 782 (citing <u>Trandes</u>, 996 F.2d at 659).

display of a photograph on public media, a credit line should appear near the image(s) in readable print: Renata Grzan/RenataPhotography.com.  While the issue is not free from doubt, the Court will assume – without finding – that such a claim would not be preempted.[6]

Nevertheless, even on this assumption, the Court would have supplemental jurisdiction over the claim by virtue of 28 U.S.C. § 1367(a).

### C. <u>The Forum Selection Provision</u>

Paragraph 7 of the Contract states:

> JURISDICTION & VENUE.  This Agreement shall be construed according to the laws of the state Of Maryland.  Client acknowledges that this Agreement was entered into in Anne Arundel County, Maryland, and that at least a substantial portion of this Agreement will be performed in Maryland, and that <u>the proper venue for any legal action related to this Agreement is in the Superior (sic) Courts of the County of Anne Arundel, Maryland</u>.

Contract ¶ 7, ECF No.2 at 8 (emphasis added).

The Contract, therefore, has a forum selection clause that provides for venue (and, presumably jurisdiction) in the courts of Anne Arundel County, Maryland.  This provision would prevent

---

[5]   While there is a question whether the Complaint – as drafted – presents such a claim, were the Court to hold that it did not, the Court would grant leave to amend to clarify that a ¶ 6 claim was being asserted.

[6]   Due to the extra element of proof of publication without attribution.

NCPB from denying that it was subject to personal jurisdiction in a Maryland court.  However, the parties cannot stipulate that a court lacking subject matter jurisdiction has such jurisdiction.  <u>Stewart v. State</u>, 413 A.2d 1337, 1339 (1980).

IV.  <u>CONCLUSION</u>

    For the foregoing reasons:

    1.    Plaintiff's Motion to Remand [ECF No. 15] is DENIED.

    2.    The case shall not be remanded.

    3.    Defendant National Catholic Prayer Breakfast's Motion to Dismiss and for Summary Judgment [ECF No. 16] is addressed in a separate Memorandum and Order.

    SO ORDERED, on <u>Monday, January 04, 2016</u>.

                                                      /s/_____
                                            Marvin J. Garbis
                                  United States District Judge