```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

RENATA GRZAN WIECZOREK            *

            Plaintiff             *

         vs.                      *   CIVIL ACTION NO. MJG-15-02599

NATIONAL CATHOLIC                 *
   PRAYER BREAKFAST
                                  *
            Defendant
                                  *
*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER RE: DISMISSAL/SUMMARY JUDGMENT

The Court has before it Defendant National Catholic Prayer Breakfast's Motion to Dismiss and for Summary Judgment [ECF No. 16][1] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.   BACKGROUND

As discussed more fully herein, the Defendant, National Catholic Prayer Breakfast ("NCPB"), entered into a contract ("the Contract") with Plaintiff, Renata Grzan Weiczorek ("Weiczorek"), to photograph a breakfast hosted by NCPB. Pl.'s Mot. to Remand 2, ECF No. 15.  Weiczorek was paid $450 for taking photographs and other services.  In addition, Weiczorek

---

[1]   Plaintiff Renata Grzan Weiczorek's Motion to Remand [ECF No. 15] is addressed in a separate Memorandum and Order issued herewith.

provided NCPB access to an online gallery on which it could purchase the right to copy selected photographs for publication subject to attribution to Weiczorek.  The Contract included a provision that provided for liquidated damages of 15 times the published rate for "any copyright violations."  Compl. 8, ECF No. 2.

NCPB hired certain individuals to work on its website. These individuals copied three photographs and posted them on the NCPB website without payment or attribution to Weiczorek. Weiczorek filed the instant lawsuit in the District Court of Maryland for Anne Arundel County, Maryland, seeking damages of 15 times $150 for each photograph, a total of $6,750.00, with costs, interest, and attorney's fees. Compl. 6, ECF No. 2.

NCPB filed a Notice of Removal to this Court on September 2, 2015, citing jurisdiction pursuant to 28 U.S.C. § 1338 and 1441(a). Def.'s Notice of Removal 2, ECF No. 1. As set forth in the Memorandum and Order Re: Remand filed herewith, the Court determined that the removal was proper.

By the instant motion, NCPB seeks dismissal or summary judgment.

II.  STANDARDS

    A.  Dismissal

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  When evaluating a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice.  Id.  A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

    B.  Summary Judgment Standard

A motion for summary judgment will be granted if the pleadings and supporting documents "show[] that there is no

---

[2]  All "Rule" references herein are to the Federal Rules of Civil Procedure.

3

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III. DISCUSSION

In April 2014, the Defendant, NCPB, contracted with Weiczorek to photograph a breakfast hosted by NCPB. Pl.'s Mot. to Remand 2, ECF No. 15. Pursuant to the terms of the Contract, NCPB paid Weiczorek $450 to photograph the event. Mot. to Remand 1, ECF No. 15. The fee covered the three hours Weiczorek photographed the event, color correction for the photographs taken, and a non-expiring link to an online gallery from which NCPB could pay to license individual photographs. Compl. 7, ECF No. 2. The Contract provided for liquidated damages for "any copyright violations" and also required attribution to Weiczorek of any photograph presented on public media. Id. at 8.

In or about April 2015, a website development team working for NCPB screen-captured three photographs from the online gallery, removed the watermarks, and posted them to NCPB's website without attribution to Weiczorek. Mot. to Dismiss 1, ECF No. 16, Compl. 4-5, ECF No. 2.

In the instant law suit, Weiczorek seeks damages pursuant to paragraph 5 of the Contract that states:

> COPYRIGHT DETAILS. The Studio owns the copyright to all images it makes during your event. Any individual prints, files or DVD's purchased from this event are licensed for limited use allowing Client to make limited reproductions of the images files for Client's business and promotional purposes, both in web and print, including but not limited to, press releases, brochures, web display, blogs, Facebook. Images or image files are not for resale or third party distribution. <u>If there are any copyright violations by Client, they will be charged at fifteen (15) times the published rates at the time of the violation as liquidated damages</u>, since actual damages would be difficult to calculate. The Client acknowledges that unauthorized duplication, transmission, or dissemination of prints, image files or DVD is unlawful and subject to statutory prosecution.

Compl. 8, ECF No. 2 (emphasis added).

She also seeks damages pursuant to paragraph 6 of the Contract that states:

> PHOTO CREDITS. If an image(s) taken by the Photographer from the event are displayed on public media by the Client, the following photo credit line should appear near the image(s) in readable print: Renata Grzan/RenataPhotography.com.

Compl. 8, ECF No. 2.

A.   <u>Dismissal</u>

The Court finds that the Complaint is adequate to state plausible claims pursuant to paragraph 5 and 6 of the Contract.

As to paragraph 5, Weiczorek asserts that NCPB committed a copyright violation that calls for liquidated damages of 15 times the "published rate" for the photographs in question.  It is not apparent from the face of the Complaint that the liquidated damages are unenforceable.

B.   <u>Summary Judgment</u>

Defendant contends that the liquidated damages provided by paragraph 5 of the Contract are unenforceable as grossly excessive and that the "published rate" to be multiplied by 15 is $24.99 rather than $150.00.

Even if NCPB is correct in regard to these assertions, the Court would not grant it summary judgment because Plaintiff would still have a claim for actual damages of, at least, the "published rate" for the photographs copied.  Weiczorek would also have a claim for damages pursuant to paragraph 6 by virtue of the publication of the photographs without attribution.

NCPB may be entitled to partial summary judgment with regard to Weiczorek's damages claims.  <u>E.g.</u>, what is the pertinent "published rate," is the multiplier of 15 grossly

excessive, etc. However, those grounds have not been raised by NCPB, and Weiczorek has not had an opportunity to respond and submit pertinent evidence.

### C. Registration

Weiczorek has not yet registered her copyright on the photographs on which the case is based.

In Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 169 (2010), the Supreme Court held that registration is not a jurisdictional prerequisite for a copyright infringement action. However, it is an element of an infringement claim. Id. at 161, 169. Nevertheless, it appears that Weiczorek can still register her copyrights, satisfy the registration requirement, and proceed with her claims.

Under the circumstances, the Court will not dismiss the case or grant summary judgment due to the absence of registration provided that Plaintiff, within a reasonable time, meets the registration requirement.

## IV. CONCLUSION

For the foregoing reasons:

    1. Defendant National Catholic Prayer Breakfast's Motion to Dismiss and for Summary Judgment [ECF No. 16] is DENIED.

2. Plaintiff shall, by March 7, 2016, file a document certifying that she has registered the copyrights on which her claims are based.

3. If Plaintiff complies with paragraph 2 hereof, Defendant may, by March 21, 2016, file a motion for partial summary judgment.

SO ORDERED, on Monday, January 04, 2016.

/s/
Marvin J. Garbis
United States District Judge